UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | | |
|---|---|---|
| STEPHEN McQUAIG, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO.    cv 525-059 |
| | § | |
| DEPUTY SANTANA, DEPUTY | § | |
| BURROWS, AND JOHN DOES 1-2, | § | |
| in their individual capacities, | § | |
| | § | |
| *Defendants*. | § | |

## COMPLAINT FOR DAMAGES

Plaintiff Stephen McQuaig, by and through undersigned counsel, with this his Complaint for Damages, using Sections 1983 and 1985 as vehicles to vindicate his Constitutional right to be free from excessive force and to be free from any conspiracy to violate his right to be free from excessive force. Mr. McQuaig shows the following to support his claims:

## INTRODUCTION

Mr. McQuiag, an army veteran with zero criminal history, turned himself into the Sheriff's Office with respect to a charge for cursing in front of his child while arguing with his now ex-wife. Upon his arrival to the Sheriff's Office, Defendant Santana yelled, "Let's go," whereupon all Defendants bum rushed Mr. McQuaig as he stood there peacefully, non-resisting with his arms raised in the air,

demonstrating complete compliance. Nevertheless, the Defendants bum rushed him, slamming him to the floor and beating him, leaving Mr. McQuaig with serious rotator cuff injuries, bruises all over his body, and a diagnosis of post-traumatic stress disorder. The force was clearly "***not necessary to the situation at hand***" and constitutes excessive force by any measure. Consequently, Mr. McQuaig brings this suit to vindicate his rights under the U.S. Constitution.

## JURISDICTION AND VENUE

1.

This Court has subject matter jurisdiction over this action pursuant to 28 USCS § 1331, as this case involves claims arising under the Constitution and laws of the United States, specifically 42 U.S.C. § 1983.

2.

Venue is proper in this Court pursuant to 28 USCS § 1391, as a substantial part of the events giving rise to the claims occurred within this judicial district.

## PARTIES

3.

At the time of the incident, Plaintiff Stephen McQuaig was a resident of the State of Georgia. Plaintiff currently resides in Florida.

4.

At all relevant times, Defendant Deputy Santana was a law enforcement officer employed by the Pierce County Sheriff's Office. On information and belief, Deputy Santana is a resident of the State of Georgia and can be served with process within the state. At all times relevant Deputy Santana had an obligation to understand clearly established, binding law which placed him on notice with respect to his use of force against Mr. McQuaig.

5.

Defendant Deputy Burrows was a law enforcement officer employed by the Pierce County Sheriff's Office. On information and belief, Deputy Burrows is a resident of the State of Georgia and can be served with process within the state. At all times relevant Deputy Burrows had an obligation to understand clearly established, binding law which placed him on notice with respect to his use of force against Mr. McQuaig.

6.

Defendant John Doe 1 is an employee of the Pierce County Sheriff's Office and can be served with process within the state. At all times relevant John Doe # 1 had an obligation to understand clearly established, binding law which placed him on notice with respect to his use of force against Mr. McQuaig. John Doe 1 is seen

in the video of the attack on Plaintiff; thus, his identity is known, except for his name.

7.

Defendant John Doe 2 is an employee of the Pierce County Sheriff's Office and can be served with process within the state. At all times relevant John Doe 2 had an obligation to understand clearly established, binding law which placed him on notice with respect to his use of force against Mr. McQuaig. John Doe 2 is seen in the video of the attack on Plaintiff; thus, his identity is known, except for his name.

## STATEMENT OF FACTS

A.   **Plaintiff is an Army Veteran who got arrested for using profanity in front of a 16-year old, having never been arrested before in his life**

8.

Plaintiff Stephen McQuaig is a veteran of the United States Armed Forces and was discharged honorably.

9.

Prior to June 24, 2023, the Plaintiff had never been arrested or convicted of a crime.

10.

On June 24, 2023, while in a verbal dispute with his then-wife, Plaintiff was charged with cruelty to children. The charges were based on Plaintiff's use of profanity in the presence of his 16-year-old step-daughter.

**B**.     **Plaintiff is arrested and taken to the hospital**

11.

During his initial detention on June 24, 2023, Plaintiff was placed in the back of a police vehicle on a hot summer day with the windows sealed.

12.

As a result of being confined in the closed vehicle with temperatures exceeding 100 degrees, Plaintiff began to hyperventilate and suffer from the early stages of hyperthermia.

13.

Plaintiff's hands were injured when he was removed from the police vehicle. Once on the ground, Plaintiff had a seizure from heat stroke.

14

Due to these injuries, Plaintiff was taken to a hospital for treatment.

15.

At the hospital, Plaintiff received diagnostic treatment and imaging, treatment for the symptoms of hyperthermia, and his hands were bandaged.

**C.     On his own, upon being discharged from the hospital, Plaintiff called the Sheriff Office to gain guidance on where to turn himself in**

16.

Before being discharged from the hospital, plaintiff called the Pierce County Sheriff's Office to ask for guidance.

17.

During this call, Plaintiff spoke with Deputy Santana, who told Plaintiff that he would need to present himself at the Sheriff's Office because he was being charged.

18.

Deputy Santana did not inform Plaintiff of the charges against him.

19.

Later that day, just before being discharged, Plaintiff again called the Sheriff's Office and notified Deputy Santana that he was leaving the hospital shortly and would be coming to turn himself in at the Sheriff's Office in a few minutes.

20.

Plaintiff's mother and father picked him up from the hospital and drove him to the Sheriff's Office so that he could turn himself in peacefully.

**D.    Plaintiff turns himself in, yet, Defendants' assaulted Plaintiff for no apparent, lawful reason**

21.

Upon arriving at the Sheriff's Office, Deputy Santana and Deputy Burrows spoke with Plaintiff.

22.

Plaintiff asked repeatedly what charges he was facing, but Deputies Santana and Burrows refused to tell him.

23.

Suddenly and without warning, Deputy Burrows yelled "let's go," at which point Plaintiff immediately put his hands up in surrender.

24.

"Let's go" is not a lawful command.

25.

Despite Plaintiff's clear indication of surrender, Deputies Santana and Burrows rushed at him, pushing him backwards.

26.

The deputies shoved Plaintiff into a glass wall and threw him to the ground.

27.

Two additional plain-clothed sheriff employees, John Doe 1 and John Doe 2, joined Deputies Santana and Burrows.

28.

All four defendants violently pushed Plaintiff to the ground, began to choke him, pushed his face into the floor, and forced his arms into an unnatural position.

29.

This use of force caused significant damage to Plaintiff's shoulder and rotator cuff and caused extensive bruising over his entire body.

30.

Plaintiff cried out in pain during the entire episode.

31.

Plaintiff did not resist and never posed a danger to the officers or the public.

**CLAIMS FOR RELIEF**

**COUNT I –**
**EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AMENDMENT -**
**42 USC § 1983 (AGAINST DEFENDANTS DEPUTY SANTANA, DEPUTY**
**BURROWS, JOHN DOE 1, AND JOHN DOE 2)**

32.

Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 31 as if fully set forth herein.

33.

Defendants acted under color of state law.

34.

Defendants were acting in their capacities as law enforcement officers and sheriff employees when they used force against plaintiff.

35.

Defendants used force that was objectively unreasonable under the circumstances.

36.

Plaintiff had his hands up in surrender and was attempting to peacefully turn himself in when defendants violently shoved him into a glass wall, threw him to the ground, choked him, pushed his face into the floor, and forced his arms into an unnatural position.

37.

Plaintiff posed no threat to the officers or anyone else at the time force was used against him.

38.

Plaintiff suffered injuries as a result of defendants' actions.

39.

As a direct result of defendants' use of excessive force, plaintiff suffered damage to his shoulder and rotator cuff, along with pain and suffering.

40.

Since the incident, Plaintiff has been dealing with severe mental injuries, pain, and suffering. Plaintiff is receiving treatment from a psychiatrist and has been diagnosed with Post Traumatic Stress Disorder.

**COUNT II –**
**CONSPIRACY TO VIOLATE CIVIL RIGHTS - 42 USCS § 1985 (AGAINST DEFENDANTS DEPUTY SANTANA, DEPUTY BURROWS, JOHN DOE 1, AND JOHN DOE 2)**

41.

Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 31 as if fully set forth herein.

42.

Two or more persons conspired to deprive Plaintiff of his constitutional rights.

43.

Prior to the use of force, Deputies Santana and Burrows can be seen on body cam video discussing a plan.

44.

Defendants acted in concert when Deputy Santana yelled "let's go" and they rushed at Plaintiff despite his peaceful surrender.

45.

Defendants conspired for the purpose of depriving Plaintiff of equal protection of the laws or equal privileges and immunities under the laws.

46.

Defendants' coordinated actions in using excessive force against Plaintiff suggest a conspiracy to deprive him of his constitutional rights.

47.

Defendants committed an act in furtherance of the conspiracy.

48.

The physical assault on Plaintiff was an act in furtherance of the conspiracy.

49.

Plaintiff was injured or deprived of a right or privilege of a citizen of the United States.

50.

As a result of Defendants' conspiracy, Plaintiff suffered extensive physical harm and was deprived of his Fourth Amendment right to be free from excessive force.

## **<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants, and grant the following relief:

A. That process be immediately issues for all Defendant;

B. Compensatory damages against all Defendants in an amount to be

determined at trial for physical injuries, medical expenses, physical pain and

suffering, and emotional distress;

C. Punitive damages against defendants Deputy Santana, Deputy Burrows,

John Doe 1, and John Doe 2 in an amount to be determined at trial;

D. Reasonable attorney's fees and costs pursuant to 42 USCS § 1988; and

E. Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

This 23rd day of June, 2025.

/s/ MARIO B. WILLIAMS
Mario B. Williams
Ga. Bar No. 235254
*Counsel for Plaintiff*

**HUMANITY DIGNITY AND RIGHTS LLC**
5600 Roswell Road
Building C, Suite 103
Sandy Springs, GA 30342
(404) 341-4434
mwilliams@hdrattorneys.com

/s/ Noah Green
Noah Green
Georgia Bar No. 468138
*Attorney for Plaintiff*

**HENEFELD & GREEN, P.C.**
3017 Bolling Way NE, Suite 129
Atlanta, Georgia 30305
(404) 841-1275
ngreen@henefeldgreen.com